Gregor Catering Company. *Forrest v. Fay,* 218 Ill. 165; *Manternach v. Studt,* 230 Ill. 356.

As the record discloses that ample time elapsed between July 31, 1911, the date of the defective notice, and January 9, 1912, the day when judgment was entered, to have acquired jurisdiction of the defendant by proper notice as required by the statute, the finding of such jurisdiction in the judgment order must be held to be conclusive.

The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*

---

**Elizabeth Ruff, Appellee, v. Henry Ericsson, Commissioner et al., Appellants.**

**Gen. No. 19,798.    (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed. Opinion filed November 21, 1913.

### Statement of the Case.

Bill filed by Elizabeth Ruff against Henry Ericsson, commissioner of buildings of the city of Chicago, and others praying that defendants be enjoined from interfering with complainant in proceeding with the removal of a building. From an order that writ issue, upon the filing of a bond in the sum of one thousand dollars, defendants appeal.

WILLIAM H. SEXTON, for appellants; LORING R. HOOVER, of counsel.

BERNARD J. LARKIN and JAMES M. SLATTERY, for appellee; HENRY D. BOTTUM, of counsel.

'See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 219*—*when order granting injunction is conditional.* An order granting an interlocutory injunction "upon the filing of a bond therein in the sum of $1,000," is merely a conditional order whereof the condition remains unexecuted until the bond is filed.

2. INJUNCTION, § 385*—*when order will be reversed because informally entered.* An order granting an interlocutory injunction "upon the filing of a bond therein in the sum of $1,000" which does not require the injunction to become operative within the time limited for taking an appeal therefrom is informally entered, and on appeal from such order when no bond has been filed and no writ of injunction has issued, the appeal may not properly be dismissed, but the order will be reversed because informally entered.

---

## Sam Schmalhausen, Plaintiff in Error, v. Joe Zukowski, Defendant in Error.

### Gen. No. 18,088.

1. JUDGMENTS, § 56*—*when court should grant application to open up confessed judgment.* An application to open up or to set aside a confessed judgment to permit a defense to the action is addressed to the equitable as well as the legal powers of the court, and where the petition supported by affidavit shows that the applicant has a legal defense, or one that is triable by a jury, the court should grant it, unless the applicant has been guilty of laches in filing his petition.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*when confessed judgment may be opened up to permit defense.* Municipal Court has jurisdiction to set aside a confessed judgment on a motion made more than thirty days thereafter, if a sufficient petition supports such motion showing equitable grounds for setting aside the judgment.

3. SALES, § 327*—*when verdict for defendant in action for purchase price not sustained by the evidence.* In an action for a balance due on liquors sold by plaintiff to defendant, a verdict for defendant *held* manifestly against the weight of the evidence.